IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

MARK T. GRANT,   )
                 )
     Plaintiff,  )
v.               )
                 )  Civil Action No: 7:16-cv-00007
                 )
THE CITY OF ROANOKE, VIRGINIA )
                 )
     Defendants. )

### DEFENDANT CITY OF ROANOKE, VIRGINIA'S RESPONSIVE PLEADINGS

COME NOW the Defendant, the City of Roanoke, Virginia ("City"), by counsel, and hereby files its Affirmative Defenses and Answer to Plaintiff, Mark T. Grant's, Complaint.

### First Defense

Plaintiff failed to allege facts in his Complaint sufficient to state a cause of action upon which relief can be granted.

### Second Defense

This Court lacks subject matter jurisdiction to hear Plaintiff's Complaint.

### Third Defense

The City is entitled to the protections of sovereign immunity for any state claims that may have been asserted by the Plaintiff in his Complaint.

The City reserves the right to allege and rely upon any additional affirmative defenses that may become viable during discovery or at the trial of this matter.

ANSWER

Without waiving the foregoing Affirmative Defenses, and expressly relying on the same, the City hereby answers the allegations contained in the Plaintiff's Complaint:

1. The City admits that Plaintiff formerly owned real estate located at 607 Bullitt Avenue, Roanoke, VA, 24013, designated as Roanoke Tax Map No. 4013704 ("Property"), and that Plaintiff sold the Property to Devin A. Brown on December 26, 2013. The City further admits that it properly recovered a portion of the sales proceeds from such sale of the Property in the amount of $26,257.30, pursuant to the terms of certain restrictive covenants placed on the Property that were agreed to among the Plaintiff, the City and Blue Ridge Housing Development Corporation ("BRHDC"). The City denies that it improperly seized $26,257.30 of the sales proceeds.

2. The City admits that the Plaintiff purchased the Property from BRHDC on or around May 20, 2005. The City is without knowledge as to the remainder of the allegations contained in Paragraph 2 of the Complaint, and the City therefore denies the same.

3. The City admits the allegations contained in Paragraph 3 of the Complaint.

4. The City has no records of providing Plaintiff a Community Development Block Grant in the amount of $6,400 as Plaintiff alleges in Paragraph 4 of the Complaint, and for that reason denies the same. The remainder of the allegations contained in Paragraph 4 consists of legal conclusions and arguments to which a response is not required and the City therefore denies the same.

5. The City admits that Plaintiff received a HOME Investment Partnerships Program

grant from the Virginia Department of Housing and Community Development ("VDHCD") in the amount of $2,200. The remainder of the allegations in Paragraph 5 of the Complaint consists of legal conclusions and arguments to which a response is not required and the City therefore denies the same.

6. The City is without knowledge as to the allegations contained in Paragraph 6 of the Complaint and therefore denies the same.

7. The City is without knowledge as to the allegations contained in Paragraph 7 of the Complaint, which consist of legal conclusions and arguments to which a response is not required, and therefore denies the same.

8. The allegations in Paragraph 8 and Paragraph 9 of the Complaint consist of legal conclusions and arguments to which a response is not required and the City therefore denies the same.

9. The City admits that the Plaintiff spoke with the City prior to the sale of the Property to Devin Brown. The City denies the remainder of the allegations in Paragraph 10 of the Complaint.

10. The City is without knowledge as to the allegations contained in Paragraph 11, of the Complaint, and therefore denies the same.

11. The allegations in Paragraph 12 of the Complaint consist of legal conclusions and arguments to which a response is not required and the City therefore denies the same. The City denies that it violated Plaintiff's due process rights.

12. All allegations made by Plaintiff in the Complaint not expressly admitted herein are denied.

WHEREFORE, Defendant, the City of Roanoke, Virginia, respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that the City be allowed to recover its costs and fees expended in this action and such other relief as this Court may deem appropriate.

Respectfully Submitted,

CITY OF ROANOKE, VIRGINIA

 /s/ David L. Collins

Daniel J. Callaghan
City Attorney (VSB #84658)
David L. Collins
Assistant City Attorney (VSB #42673)
Noel C. Taylor Municipal Building
215 Church Avenue, S.W., Room 464
Roanoke, VA 24011
(540) 853-2431
*david.collins@roanokeva.gov*

*Counsel for Defendant, City of Roanoke, Virginia*

CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and mailed a true copy of these Responsive Pleadings to Mark Grant, *pro se,* 41 Turtleback Path, Hardy, VA 24101.

 /s/ David L. Collins

David L. Collins