CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 13 2019

JULIA C. DUDLEY, CLERK
BY: /s/ 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARK T. GRANT, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 7:16-CV-00007 |
| v. | ) |
| | ) By: Hon. Michael F. Urbanski |
| CITY OF ROANOKE, | ) Chief United States District Judge |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Mark T. Grant, proceeding pro se, has moved to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6). The motion has been fully briefed and is ripe for disposition. For the reasons set forth below, the motion is **GRANTED**.

### I.

On January 11, 2016, Grant filed this action under 42 U.S.C. § 1983 against the City of Roanoke (the "City"), alleging that the City improperly retained $26,257.30 from the sale of certain real property. The property at issue was previously rehabilitated for occupancy using funds awarded to the City through the federal HOME Investment Partnerships Program. Grant claimed that the City violated regulations implementing the HOME Investment Partnerships Act ("HOME Act") and his right to due process.

The case was initially assigned to Senior United States District Judge Glen E. Conrad. On July 18, 2017, Judge Conrad ruled that Grant had no viable claim for damages under the HOME Act itself or § 1983 for alleged violations of the Act and its implementing regulations. Accordingly, Judge Conrad granted the City's motion for summary judgment with respect to

those claims. The City then filed a supplemental motion for summary judgment on Grant's due process claims, which Judge Conrad granted in part and denied in part.

The case was subsequently transferred to the undersigned for the conduct of all further proceedings. On March 19, 2019, following a bench trial, the court entered a final order granting judgment to the City on the sole remaining claim for violation of procedural due process.

On September 11, 2019, Grant filed a notice of appeal and a motion for leave to appeal "within the time provided for in Rule 4(a)(6)." Mot. for Leave to Appeal, Dkt. No. 64, at 1. Grant explained that he had not received notice from the Clerk's office of the entry of the final order, and that he did not learn that the final order had been entered until July 25, 2019, when he received an email from the City referencing the order. In response to that email, Grant inquired as to "what Court order" the City was referring. Id. at 2 (internal quotation marks omitted). On July 26, 2019, the City forwarded Grant PDF copies of the final order and accompanying memorandum opinion via email.

On October 16, 2019, the court construed Grant's motion as a motion to reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6), and directed the City to respond. On October 30, 2019, the City filed a response in opposition to the motion along with several exhibits, including copies of the parties' email communications regarding the final order. Grant filed a reply brief in support of the motion on November 12, 2019.

## II.

A party in a civil action generally has 30 days from the entry of a final judgment or order to file a notice of appeal. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). "District courts have

limited authority to grant an extension of the 30-day time period." Bowles v. Russell, 551 U.S. 205, 208 (2007). As relevant here, "district courts have the statutory authority to grant motions to reopen the time for filing an appeal" if certain conditions are met. Id. (citing 28 U.S.C. § 2107(c)). This statutory authority is carried into practice by Rule 4(a)(6) of the Federal Rules of Appellate Procedure, id., which provides as follows:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Prior to addressing the merits of Grant's motion under Rule 4(a)(6), the court must confirm that it has jurisdiction to consider it.[1] On the same day that the motion was filed, Grant also filed a notice of appeal. As a general rule, the filing of a notice of appeal transfers jurisdiction over all matters relating to the appeal from the district court to the court of appeals. Lytle v. Griffith, 240 F.3d 404, 407 n.2 (4th Cir. 2001). However, "[a] district court does not lose jurisdiction to proceed as to matters in aid of the appeal." Id. (internal quotation marks and citation omitted). Courts have recognized that such matters include motions

---

[1] The City argues, without citing any authority, that this court lacks jurisdiction to hear the motion.

3

pertaining to the timing of an appeal, including motions under Rule 4(a)(6). See Carpenter v. Sizer, 14 F. App'x 242, 242 (4th Cir. 2001) (noting, in the context of a motion to reopen the appeal period, that the district court retains jurisdiction over matters in aid of the appeal); Mundy v. Philadelphia Sheriff Dep't, No. 2:96-cv-07925, 1997 U.S. Dist. LEXIS 10403, at *3, n.3 (E.D. Pa. July 21, 1997) (noting that the district court had jurisdiction to decide the plaintiff's motion to reopen the appeal period, "despite his filing of a notice of appeal"); see also c.f. United States v. Withers, 638 F.3d 1055, 1062 (9th Cir. 2011) (holding that a notice of appeal "should have been generously construed as both a notice of appeal and a motion to reopen the time for filing an appeal," and that the motion to reopen should have been granted by the district court). Consistent with the foregoing decisions, the court concludes that it has jurisdiction to rule on Grant's motion to reopen the appeal period.

The court now turns to the merits of the motion. As indicated above, Rule 4(a)(6) permits a district court to reopen the time to file an appeal if three requirements are met. For the following reasons, the court concludes that each requirement is satisfied in this case.

First, the court finds that Grant "did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry." Fed. R. App. 4(a)(6)(A). The court entered its final order on March 19, 2019. Under Rule 77(d), the Clerk's office was required to immediately "serve notice of the entry, as provided in Rule 5(b)," and "record the service on the docket." Fed. R. Civ. P. 77(d). Because Grant litigated the case pro se, the Clerk's office provided notice of the entry of other orders by mailing copies of the orders to Grant's physical mailing address. See Fed. R. Civ. P. 5(b)(2)(C) (permitting service by regular mail to a party's last known address). However, Grant

4

maintains that he did not receive a copy of the court's final order from the Clerk's office, and there is no docket entry reflecting that the Clerk's office mailed a copy of the final order to Grant. Under these circumstances, the court finds that Grant meets the first requirement for relief under Rule 4(a)(6).

The second requirement—timeliness—is also satisfied here.[2] A review of the docket confirms that Grant filed the instant motion within 180 days after the court entered the final order, and there is no evidence that Grant ever "receive[d] notice under [Rule 77(d)] of the entry," as required to trigger the alternative 14-day deadline. Fed. R. App. P. 4(a)(6)(B). Although Grant obtained a copy of the final order from the City via email on July 26, 2019, that does not mean that Grant received proper notice of the entry of that order under Rule 77(d). See Phillips v. Sec'y, Fla. Dep't of Corr., 777 F. App'x 355, 358 (11th Cir. 2019) (explaining that "Rule 4(a)(6) was amended in 2005 to clarify that only a formal notice of the entry of a judgment or order, as prescribed by Federal Rule of Civil Procedure 77(d), constitutes proper 'notice of the entry' of a judgment") (citing Fed. R. App. P. 4(a)(6), Advisory Committee note to 2005 amend.). Rule 77(d) provides that a party "may serve notice of the entry as provided in Rule 5(b)." Fed. R. Civ. P. 77(d). Rule 5(b), in turn, permits service of papers by electronic means only if a person consents to such service in writing. See Fed. R. Civ. P. 5(b)(2)(E). Because there is no evidence indicating that Grant consented in writing to electronic service, the court concludes that the City's July 26, 2019 email was not sufficient to trigger the 14-day period under Rule 4(a)(6)(B). Consequently, Grant had 180 days from the

---

[2] In arguing to the contrary, the City cites to the requirements of Federal Rule of Appellate Procedure 4(a)(5), a separate and distinct provision that permits district courts to extend the time to file a notice of appeal if certain conditions are met. The City does not address whether Grant timely moved to reopen the appeal period under Rule 4(a)(6).

5

entry of the final order to move to reopen the appeal period, and he filed his motion within that time frame.

The remaining consideration is whether any "party would be prejudiced" if the court reopens the time to file an appeal. Fed. R. App. P. 4(a)(6)(C). "Prejudice," for purposes of Rule 4(a)(6)(C), is defined as "some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal." Fed. R. App. 4(a)(6), Advisory Committee note to 1991 amend. In this case, the court has no reason to believe that reopening the time to file an appeal would result in any consequences other than the cost and time involved in litigating the appeal. Because such consequences are present in every appeal, the court finds that neither party would be prejudiced by the reopening of the appeal period. Id.

### III.

For these reasons, the court finds that Grant has satisfied all three requirements under Rule 4(a)(6). Accordingly, Grant's motion to reopen the time to file an appeal (ECF No. 64) is **GRANTED**. Because a notice of appeal has already been docketed, Grant does not need to file a new notice of appeal. An appropriate Order will be entered.

Entered: 12/13/19

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge